**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY NORTHCROSS PATTERSON, | No. 13-16315 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01571-PGR |
| v. | |
| M. LINDERMAN, Head of Pastoral Services; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Arizona state prisoner Barry Northcross Patterson appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that defendants

violated his First Amendment right to free exercise of religion and various other

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008) (summary judgment). We affirm.

The district court properly granted summary judgment on Patterson's First Amendment claim because Patterson failed to raise a genuine dispute of material fact as to whether defendants Lee and Becker violated his First Amendment rights by suspending his kosher meal privileges after Patterson violated the terms of his meal plan by sharing or trading food with other inmates. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350-52 (1987) (restraint on inmate's ability to exercise his religion does not violate the First Amendment if it is reasonably related to a legitimate penological interest).

The district court properly dismissed Patterson's claims against the remaining defendants because Patterson failed to allege facts sufficient to state a plausible claim for relief under any viable legal theory. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining supervisory liability under § 1983); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings

are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**

13-16315