18-1008
*Torres v. Artus*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand nineteen.

Present:    PIERRE N. LEVAL,
            RICHARD C. WESLEY,
            DEBRA ANN LIVINGSTON
                *Circuit Judges.*

_____

ARMANDO TORRES,

                *Plaintiff-Appellant*,

        v.                                                    18-1008

SUPERINTENDENT DALE A. ARTUS, Wende Correctional Facility; THOMAS STICHT, Deputy Superintendent of Security; ALAN HERDZIK, Lieutenant; SUSAN SCHUMACHER, Deputy of Administration; KAREN CROWLEY, Department of Programs; ROSALYN KILLINGER, Department of Health Services; RICK APOLLO, Naphcare Vice President of Dialysis Operation; DENNIS J. GRZYWNA; JACQUELINE LEVITT, M.D.; NANCY OLSEN; MANDIP PANESAR, M.D.; COLLEEN REITZ, R.N.; KELLY SMITH; HEATHER AMERLINK, R.N.; ALJAZ GUNDROO, M.D,

                *Defendants-Appellees*.*

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

| For Plaintiff-Appellant: | JON ROMBERG and ROBERT NUSE (TIMOTHY J. NICHOLS, *on the briefs*), Seton Hall University School of Law, Center for Social Justice, Newark, NJ |
|---|---|
| For Defendants-Appellees: | JONATHAN D. HITSOUS, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, and Victor Paladino, Assistant Solicitor General, *on the brief*) *for* Letitia James, Attorney General of the State of New York, Albany, NY |

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Armando Torres appeals from a judgment granting summary judgment to Defendants[1] and dismissing his complaint. Torres, a Jewish inmate at Wende Correctional Facility, suffered from a range of maladies including end-stage renal failure, which required that he receive dialysis treatment three days per week. He sued primarily alleging poor medical care and failure to provide reasonable access to the prison's law library. He also asserted a claim based on his thirty-day removal from the prison's kosher meal program because of his failure to pick up the meals in the mess hall on days when he was not receiving dialysis. On appeal, *pro bono* counsel was appointed to address whether Torres suffered a First Amendment injury when he was removed from the kosher meals program. In all other respects, this Court dismissed the appeal as lacking an arguable basis. Counsel briefed the First Amendment issue and also asserted claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C.

---

[1] "Defendants" includes the following individuals: Dale A. Artus, Thomas Sticht, Alan Herdzik, Susan Schumacher, Karen Crowley, Rosalyn Killinger, Rick Apollo, Dennis J. Grzywna, Jacqueline Levitt, Nancy Olsen, Mandip Panesar, Colleen Reitz, Kelly Smith, Heather Amerlink, and Aljaz Gundroo.

§ 2000cc *et seq.* ("RLUIPA"), the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 794.    We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*    *    *

Assuming, *arguendo*, that we may consider the additional claims Torres asserts on appeal, we conclude that he has forfeited these claims.   "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."   *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (quotation marks and citation omitted).   This rule applies to *pro se* litigants so long as the magistrate's report "'explicitly states that failure to object to the report . . . will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure.'"   *Id.* (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

The magistrate's report clearly informed Torres that he had to file objections to avoid "waiv[ing] the right to appeal any subsequent district court's order adopting the recommendations contained [therein]," citing the relevant statutory provisions.   J.A. 193.[2]   While Torres did file objections, they make no reference at all to his kosher meal claim.   The bulk of his objections pertained to his medical treatment or access to the law library.   While Torres did object to the magistrate's recommendation relating to his seventh cause of action—the basis for this appeal—his objection characterized that cause of action as a complaint relating to "the unsanitary condition in the dialysis treatment area" and did not address the kosher meal plan.   J.A. 197. And while Torres did raise an argument relating to the ADA in his objections, that argument related to his law library access claim, not his removal from the meal plan.   Torres's

---

[2]   "J.A." refers to the Joint Appendix.

3

argument—that his failure to object should be excused because the magistrate did not mention the religious meals claim in the Report and Recommendation—is without merit. The magistrate's report made clear that its recommendation was to dismiss the complaint in its entirety, and that Torres was required to specifically identify his objections to the report's recommendations to preserve his right to challenge the district court's adoption of them. His failure to do so forfeited the right to raise these claims on appeal. *Wright v. Goord*, 554 F.3d 255, 271–72 (2d Cir. 2009).

We now turn to Torres's sole remaining claim, which is based on the First Amendment.[3] Defendants contend that they are entitled to qualified immunity as to this claim. We agree. To establish a defense of qualified immunity, a government official must demonstrate that his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Turning to the "clearly established" issue, Torres identifies no decisions establishing that an inmate's removal from a religious meals program for noncompliance with the program's reasonable rules constitutes a violation of that inmate's statutory or constitutional rights, or that prison officials may not require inmates to attend meals in the mess hall in order to remain in a religious meals program in the absence of medical evidence excusing the inmate from such attendance. On the other hand, numerous out-of-circuit cases have held that individuals may be removed from religious meals programs for violating their terms. *See, e.g.*, *Patterson v. Linderman*, 591 F. App'x 627, 627 (9th Cir. 2015) (upholding suspension of kosher meal

---

[3] Torres may also have forfeited his First Amendment claim by failing to object regarding his removal from the kosher meal plan. As a prior motions panel of this Court expressly declined to dismiss that claim and appointed counsel to brief the issue, while dismissing the appeal in all other respects as lacking an arguable basis, we view the issue of his having forfeited the First Amendment claim as resolved in his favor.

4

privileges where plaintiff "violated the terms of his meal plan by sharing or trading food with other inmates"); *Berryman v. Granholm*, 343 F. App'x 1, 6 (6th Cir. 2009) (upholding suspension of kosher meal program where plaintiff "conceded that he had ordered and signed for the non-kosher food and that he had held it in his lap"). While Torres argues that the right to receive religious meals in prison is clearly established, the Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). That Torres enjoys a right to receive religious meals in prison does not negate the right of prison officials to condition provision of such meals on compliance with reasonable conditions. Absent any specific Second Circuit law on point, and given the decisions from other courts that are adverse to his contention, we conclude that the Defendants here are entitled to qualified immunity because Torres's suspension from the kosher meal plan for failing to comport with its reasonable rules did not "violate [his] clearly established statutory or constitutional rights." *Pearson*, 555 U.S. at 231 (citation omitted). Accordingly, Torres's First Amendment claim is dismissed.

\* \* \*

We have considered Torres's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk